**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROHIT PATEL PATEL, AKA Rohit Kumar Govindbhai Patel,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 15-70917<br><br>Agency No. A201-019-493<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Rohit Patel Patel, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's order denying his motion to reopen removal proceedings

conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Patel's motion to reopen as untimely, where Patel filed the motion more than two years after the February 2, 2011, in absentia removal order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Notice of Patel's removal hearing was proper, where Patel was personally served a Notice to Appear, *see* 8 U.S.C. § 1229(a); *see also Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1155 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English."), and the hearing notice was mailed to the most recent address he provided, *see* 8 U.S.C. §§ 1229(c), 1229a(b)(5)(A). Patel's due process contentions are therefore unavailing. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

Patel's equal protection claim is unpersuasive.

**PETITION FOR REVIEW DENIED**.